HARTZ, Circuit Judge,
dissenting:
I respectfully dissent.
Before explaining why I would reverse and remand for resentencing, I should note my concern about the scope of the majority opinion. That opinion discusses at length the meaning of abuse-of-discretion review of the substantive reasonableness of a sentence in light of Gall v. United States, — U.S. —, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and Kimbrough v. United States, — U.S. —, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The opinion justifies this discussion on the ground that the government’s argument on appeal includes a claim of substantive unreasonableness. In my view, however, the majority opinion has mischaracterized the government’s arguments in this case and has misconceived the meanings of substantive and procedural error. As I read the government’s briefs, they argue only that the district court took into account two improper considerations in arriving at Mr. Smart’s sentence. And that, I believe, is a matter of procedural, not substantive, error, as those terms have been used in this context.
I will begin by distinguishing between procedural and substantive error. In arriving at a sentence the district court must (1) correctly find contested facts, (2) properly calculate the Guidelines sentencing range, (3) listen to the arguments of the parties, (4) determine what matters should be considered in imposing sentence (a process guided largely by 18 U.S.C. § 3553(a)), (5) weigh those considerations to arrive at a sentence, and (6) explain the sentencing decision to the parties. As I understand what the Supreme Court has said, substantive error is an error at step 5 — weighing the proper considerations and fixing the length of the sentence. Error in the performance of the other five steps is termed procedural error. When a procedural error has been committed, we would ordinarily need to reverse for resentenc-ing, regardless, of whether the length of the sentence was substantively reasonable.
Although the Supreme Court has not had occasion to draw a precise line between substantive and procedural reasonableness, its opinions provide significant guidance. In Gall the Court writes:
[The appellate court] must first ensure that the district court committed no significant procedural error, such as [2] failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [4] failing to consider the § 3553(a) factors, [1] selecting a sentence based on clearly erroneous facts, or [6] failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court’s sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.
128 S.Ct. at 597. As shown by the bracketed numbers that I have inserted, what I call steps 1, 2, 4, and 6 are included as procedural matters. With respect to step 4, the Court specifically mentions “failing to consider the § 3553(a) factors,” id. Although it does not include “considering an improper factor” as a procedural error, I do not see how such an error could be characterized differently from failing to consider a proper factor. Perhaps “treating the Guidelines as mandatory,” id., might be viewed as consideration of an improper factor, but I would view it as simply a special case of not considering all the § 3553(a) factors — of which only one, *812 paragraph (4), relates to the Guidelines range.
The structure and content of Part IV of Gall reaffirms my view of the meanings of procedural and substantive. The first paragraph of Part IV states that the discussion to follow will relate to procedural error, and it lists several procedural requirements (including my step 3, listening to argument by the parties):
As an initial matter, we note that the District Judge committed no significant procedural error. He correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and thoroughly documented his reasoning. The Court of Appeals found that the District Judge erred in failing to give proper weight to the seriousness of the offense, as required by § 3553(a)(2)(A), and failing to consider whether a sentence of probation would create unwarranted disparities, as required by § 3553(a)(6).
Id. at 598. Part IV continues with the Court’s refutation of the arguments that the sentencing judge had ignored the health risks of the drug ecstasy and the need to avoid unwarranted disparities in sentences. The first sentence of the concluding paragraph of Part IV then states:
Since the District Court committed no procedural error, the only question for the Court of Appeals was whether the sentence was reasonable — ie., whether the District Judge abused his discretion in determining that the § 3553(a) factors supported a sentence of probation and justified a substantial deviation from the Guidelines range.
Id. at 600. Again, the Court appears to view substantive error as error in the weighing of proper factors and fixing the sentence.[1]
The concluding portion of Kimbrough also supports my view that consideration of an improper factor is a procedural error. Part V begins: “Taking account of the foregoing discussion [regarding the crack-cocaine Guidelines] in appraising the District Court’s disposition in this case, we conclude that the 180-month sentence imposed on Kimbrough should survive appellate inspection.” 128 S.Ct. at 575. The Court then notes that the district court “properly calculated] and considered] the advisory Guidelines range,” and “addressed the relevant § 3553(a) factors.” Id. “[T]he District Court,” it says, “thus rested its sentence on the appropriate considerations and committed no procedural *813 error.” Id. at 575-76 (emphasis added; internal quotation marks omitted). The next paragraph then begins: “The ultimate question in Kimbrough’s case is whether the sentence was reasonable ie., whether the District Judge abused his discretion in determining that the § 3553(a) factors supported a sentence of 15 years and justified a substantial deviation from the Guidelines range.” Id. at 576 (brackets and internal quotation marks omitted). I would infer from the quoted language that the first paragraph of Part V addressed procedural error and the next (and final) paragraph addressed substantive error. Thus, “resting [the] sentence on the appropriate considerations,” id. at 575-76, is a matter of procedural reasonableness and whether “the § 3553(a) factors supported [the] sentence” is a matter of substantive reasonableness, id. at 576. Accordingly, an appellate court’s determination of whether it was proper for the lower court to consider a factor is part of the review of procedural reasonableness.
My understanding of the Court’s terminology is also supported by Justice Scalia’s use of the term substantive in this context. Justice Scalia has endorsed appellate review of procedural error in sentencing, but he has condemned substantive review because of his concern that it can create the error barred by the holding of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), regarding the Sixth Amendment. See Rita v. United States, — U.S. —, 127 S.Ct. 2456, 2474-84, 168 L.Ed.2d 203 (2007) (Scalia, J., concurring). The Booker issue that concerns him arises only from review of the lengths of sentences. Booker reaffirmed the proposition that “[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.” 543 U.S. at 244, 125 S.Ct. 738. In Justice Scalia’s view, that rule would be violated if an appellate court said that the length of a sentence of a defendant who went to trial was reasonable only because the sentencing judge found, say, that the quantity of drugs involved in the crime was ten times the amount alleged in the indictment. See Rita, 127 S.Ct. at 2476-72 (Scalia, J., concurring). Because Justice Scalia views such determinations by appellate courts as inevitable if the lengths of sentences must be reviewed for reasonableness, see id. at 2478, 2480-81, he concludes that “substantive reasonableness review [would] cause judge-found facts to justify greater punishment than the jury’s verdict or the defendant’s guilty plea would sustain,” id. at 2482. The substantive review on which his concern is focused must be only review of the ultimate sentence, not review of matters such as whether the sentencing judge properly considered or failed to consider certain factors, because Booker places no Sixth Amendment constraint on what a sentencing judge may consider, so long as the lawfulness of the length of a sentence is not dependent on judicial finding of a particular fact. Indeed, Justice Scalia’s Rita concurrence specifically labels as “procedural review” an appellate court’s reversal of a sentence on the ground that the district court “considered] impermissible factors.” Id. at 2483.
Accordingly, I conclude that a district court commits procedural, not substantive, error when it (1) takes into account an improper consideration or (2) fails to take into account a mandated consideration. Yet that is precisely the type of error alleged by the government in this case. Its brief is devoted to arguing that the district court committed legal error by deciding that a defendant’s sentence should not be increased because he went to trial *814 and that it should be decreased to be consistent with a codefendant’s sentence. Its “Statement of the Issue Presented for Review” is:
Whether the district court’s departure [read, ‘variance’] below the Guideline range for Smart who testified falsely at trial and received an enhancement for obstruction of justice was reasonable when the court’s justification was that Smart should not be punished for going to trial and should not receive a greater sentence than codefendant Rousey who pled guilty prior to trial.
Aplt.’s Br. at 1. The heading for the opening briefs Argument section is: “The District Court’s Departure below the Guideline Range for Smart was not reasonable when it was based upon Legal Error.” Id. at I. And its Summary of the Argument is:
When a district court imposes a sentence below the Guideline range, the resulting sentence is not presumptively reasonable. A district court must provide an appropriate justification for the Court of Appeals to determine whether the departure is reasonable. The district court’s justification in this case rested on two erroneous grounds. First, the district court concluded that a higher sentencing range for Smart than co-defendant Rousey, who pled guilty prior to trial, would punish Smart for going to trial. Second, the district court concluded that a greater term of imprisonment for Smart than co-defendant Rousey would contravene the unwarranted sentencing disparities provision in 18 U.S.C. § 3553(a)(6). The justification that a higher sentence for Smart would punish him for going to trial contravenes established authority. Furthermore, the unwarranted sentencing disparity provision in § 3553 is intended to be applied on a national level — not among co-defendants in the same case. Because the district court’s justification was legally erroneous, the resulting sentence is unreasonable. The case should be remanded to the district court for resentencing.
Id. at 8.
As I read these passages, the government is contending that the district court committed legal error by including two improper considerations in its calculus. It is not contending simply that the two considerations were given improper weight. It makes no argument regarding what would be a reasonable length for Mr. Smart’s sentence. Its argument is thus a claim of procedural, not substantive, error. Although the government did not use the term procedural or substantive error, that is not surprising in a brief filed on August 22, 2006.
The majority opinion acknowledges that a sentencing judge’s consideration of an improper factor may be characterized as a procedural error, but, for reasons I do not understand, limits that characterization to consideration of a factor not set forth in § 3553(a). Substantive error, in its view, includes (1) unreasonable weighing of proper considerations in arriving at the length of the sentence and (2) consideration of a factor not set forth in § 3553(a). What a strange beast substantive error has become. To a familiar animal (the first type of substantive error) has been added an awkward appendage. I see nothing in the Supreme Court’s opinions that creates this creature. As previously noted, Kimbrough appears to state that “resting] [the] sentence on the appropriate considerations,” 128 S.Ct. at 575-76, is a matter of procedural reasonableness. And certainly Justice Scalia’s use of the terms substantive and procedural in this context is inconsistent with the majority opinion’s view: reversing a sentence on the *815 ground that the sentencing judge (under the post-Booker regime) took into account an improper consideration (whatever the ground on which it was found improper) could in itself have no Booker Sixth Amendment implications.
Moreover, when an appeal challenges the sentencing judge’s taking into account an allegedly improper consideration, I would think that the nature of our review would necessarily be the same regardless of whether the consideration could be said to be encompassed by the § 3553(a) factors. If, for example, the sentencing judge considered the defendant’s race (a “characteristic[s] of the defendant” encompassed by § 3553(a)(1)) when imposing sentence, we would treat the error just as we would if the judge had considered the latest quotation for the Dow Jones Industrial Average (not a factor encompassed by § 3553(a)). Although there may be limited circumstances in which the error would not require reversal (such as, when the court imposed the statutory mandatory minimum sentence), we would ordinarily reverse; and that reversal would be regardless of whether our substantive-reasonableness review showed that the sentence imposed was a reasonable one in light of the proper considerations taken into account by the judge. Substantive-reasonableness review is so deferential to the sentencing judge only because that review is performed after the appellate court has assured itself that the judge committed no procedural error before undertaking the weighing process that led to the sentence.
Accordingly, I am not persuaded by the majority opinion that the government has raised a claim of substantive reasonableness on this appeal. The government’s argument that the district court took into account two improper considerations raises a question of procedural reasonableness. And the government’s briefs do not support the majority opinion’s statement that “the government also questions whether Smart’s sentence can be supported in the absence of the allegedly ‘improper’ factors it identifies.” Op. at 804.
I now turn to the issues actually before us. The government contends, in essence, that the district court did not “rest[ ] [the] sentence on the appropriate considerations,” Kimbrough, 128 S.Ct. at 575-76. In the government’s view the court committed legal error by taking into account two improper considerations when determining Mr. Smart’s sentence: (1) that the sentence of a defendant who exercises the right to go to trial should not be greater than it would be if the defendant had pleaded guilty, and (2) that 18 U.S.C. § 3553(a)(6) supports the imposition of identical sentences on codefendants even when they are not similarly situated. I am not certain that the district court committed either of these errors. But a court’s language in imposing sentence is important, and the words employed at Mr. Smart’s sentencing sufficiently suggest these two errors that I believe remand for resentencing to be the proper disposition.
Beginning with the right-to-trial issue, I share the government’s concern with the district court’s statement, “I don’t necessarily think that you should be punished because you exercised your right to a trial by jury.” Aplt. App. at 105. The court’s statement does not express an absurd point of view, but it is contrary to the policy of the United States Sentencing Guidelines. Under USSG § 3E1.1 a defendant who accepts responsibility for the charged crime, which almost always requires pleading guilty to the charge, see id. cmt. n. 2, receives a lower offense level, and hence a lighter sentence. I recognize that district courts are not bound by Guidelines policy. In particular, Kim- *816 brough held that the sentencing judge need not follow a guideline that did “not exemplify the [Sentencing] Commission’s exercise of its characteristic institutional role.” 128 S.Ct. at 563. But here, unlike in Kimbrough, performance of that characteristic role, which entails analysis of empirical sentencing data to establish national norms, almost certainly led to § 3E1.1. It is therefore appropriate to recognize Kimbrough’s statement that “closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge’s view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case.” Id. (internal quotation marks omitted). Unfortunately for us, the Court in Kimbrough had “no occasion for elaborative discussion of this matter.” Id. I would think, however, that a district court’s disagreement with one of the Commission’s core policies at least requires an explanation beyond a mere assertion of a contrary point of view. In particular, the district court did not point to anything special about this case that would suggest the inapplicability of the Guidelines policy.
The government’s second contention is not as compelling but should be addressed upon remand. Under 18 U.S.C. § 3553(a), “[t]he court, in determining the particular sentence to be imposed shall consider — ... (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]” In sentencing Mr. Smart, the district court said: “I feel it would violate 3553 from the standpoint if you received a far greater sentence than Mr. Rousey. I believe that the disparity would be a violation of that section.” Aplt. App. at 106. My concern is that the use of the term disparity may suggest that the court was invoking § 3553(a)(6). Doing so would have been error. “[T]he kind of ‘disparity’ with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case.” United States v. Boscarino, 437 F.3d 634, 638 (7th Cir.2006). The purpose of § 3553(a)(6) would be defeated if district courts used it as the rationale for imposing the same sentences on two codefendants despite finding that one, but not the other, had obstructed justice and failed to accept responsibility (as was true in this case). If such a practice prevailed, the sentences of two absolutely identical defendants (I’ll call them A and B) in two different cases could differ solely because of the conduct of their codefendants. If A’s codefendant obstructed justice and refused to accept responsibility, whereas B’s codefendant accepted responsibility and did not obstruct justice, then A’s codefendant would receive a harsher sentence than B’s codefendant, and a practice of equalizing the sentences of codefendants would result in A’s sentence being harsher than B’s, contrary to the like-sentence mandate of § 3553(a)(6).
Gall does not suggest otherwise. The majority opinion quotes Gall’s statement that sentencing judges may “ ‘consider[ ] the need to avoid unwarranted similarities among .[codefendants] who [are] not similarly situated,’ despite falling under the same or similar Guidelines sentencing ranges.” Op. at 804 (quoting Gall, 128 S.Ct. at 600) (alterations in majority opinion). But all that this statement in Gall does is affirm that differently situated defendants can be sentenced differently. I am sure that the Supreme Court would also say that it is proper for a judge (as may have happened in this case) to impose identical sentences on two defendants who are not similarly situated but whose dissimilarities (some favoring one defendant and some favoring the other) cancel out. The mere fact that two persons being sentenced are codefendants is, however, not a *817 proper ground for imposing identical sentences, and Gall does not say that it is.[2] The district court should make clear on remand that it is not invoking that ground in support of Mr. Smart’s sentence.
Accordingly, I would reverse Mr. Smart’s sentence and remand for resentencing.

. Part V of Gall, which addresses the substantive reasonableness of the sentence, may appear to treat consideration of an improper factor as a matter of substantive error. The discussion includes a response to the view of the court of appeals in that case that the sentencing judge had given “significant weight to an improper factor” — namely, “comparing] Gall's sale of ecstasy when he was a 21-year-old adult to the impetuous and ill-considered actions of persons under the age of 18,” id. at 601 (internal quotation marks omitted). The argument, however, was not that immaturity is an improper factor to consider in sentencing but that the record did not provide factual support for the factor — that is, the record failed to show that Gall’s behavior was "impetuous or ill-considered,” id. (internal quotation marks omitted). The Court rejected the appellate court’s view, citing authority that someone of Gall’s age would not have a fully mature brain. Perhaps the Court’s treatment of this argument would have been better placed in the Part IV discussion of procedural error, but whatever the rhetorical reasons for placing it in Part V, that placement hardly suggests that factual errors are not procedural errors, see id. at 597 (including "selecting a sentence based on clearly erroneous facts” in a list of possible procedural errors). And the discussion certainly does not imply that consideration of an improper factor-such as race — is a substantive error.

. Of course, when codefendants are similarly situated, they should receive similar sentences.